UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. M-15-350-CG |
| ) | |
| WEI YU REN, a/k/a Wendy Ren, ) | |
| ) | |
| Defendant. ) | |

## ORDER

On this date, a hearing was held, pursuant to Title 18, Section 4241 of the United States Code, to consider Defendant Wei Yu Ren's competency to stand trial.[1] Defendant was present by video conference along with her counsel, Federal Public Defender Susan Otto. Assistant United States Attorney David Peterman appeared on behalf of the United States.

Procedural History

In September 2015, following Defendant's arrest and appearance in this Court, counsel for Defendant filed an unopposed motion that a § 4241 examination be ordered to determine whether Defendant may be presently suffering from a mental disease or defect rendering her mentally incompetent to the extent she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense.

---

[1] Defendant's Combined Motion for Hearing and Motion to Dismiss (Doc. No. 23) is GRANTED insofar as its request for a § 4241(c) competency hearing.

Pursuant to § 4241(b), the Court ordered that a psychological examination of Defendant be conducted and a report be filed with the Court.

Following receipt of this first psychological report, a § 4241(c) competency hearing was held on December 8, 2015. In accordance with the opinions of the examining psychologists, and without objection by either party, the Court found by a preponderance of the evidence that Defendant is presently suffering from a mental disorder rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense. The Court also determined, on the same bases, that with further evaluation and treatment it was reasonably possible that Defendant could be restored to competency. Therefore, pursuant to § 4241(d), Defendant was committed to the custody of the Attorney General for hospitalization and treatment at a suitable facility for up to four months in order to determine whether there was a substantial probability that in the foreseeable future she would attain the mental capacity to permit criminal proceedings against her in this case to go forward.

On May 11, 2016, following expiration of the initial commitment period and issuance of a report by the psychologists who had treated Defendant, the Court held a further § 4241(c) competency hearing. In accordance with the report of the treating psychologists, and without objection by either party, the Court found (i) by a preponderance of the evidence that Defendant is presently suffering from a mental disorder that prevents her from assisting properly in defending the criminal charges against her, and (ii) that there is a substantial probability that in the foreseeable future

Defendant will attain the mental capacity to permit proceedings on those charges to go forward.  Pursuant to § 4241(d), Defendant again was committed to the custody of the Attorney General for hospitalization and treatment at a suitable facility for up to four months, subject to a determination that Defendant has recovered to such an extent that she is able to understand the nature and consequences of the proceedings against her and to assist properly in her defense.

On September 22, 2016, the psychologists treating Defendant issued a third report, opining that Defendant "suffers from the symptoms of a mental disease or defect . . . which significantly interferes with her factual and rational understanding of the legal proceedings [against] her and her ability to communicate with her attorney with a reasonable degree of rational understanding."  Differing from the prior reports, these psychologists now concluded that "it is unlikely [Defendant] will become competent to stand trial in the foreseeable future."

A further § 4241(c) competency hearing was held on October 13, 2016.  Defendant was advised, pursuant to § 4247(d), that she had the right to present evidence and argument on the question of her competency to stand trial, including to testify on her own behalf, to subpoena and call witnesses, and to confront and cross-examine any witnesses called by the United States.  The parties stipulated to the existence and authenticity of the September 22, 2016 Report, and that the Court may consider it as evidence in determining Defendant's competency.  Neither party presented additional evidence or objected to the opinions expressed in the September 22, 2016 Report.

Findings and Conclusions

1. A preponderance of the evidence shows that Defendant is presently suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her and unable to assist properly in defending against the criminal charges filed against her in this Court.

2. As of the end of the time period specified in the Court's order of May 11, 2016, Defendant's mental condition had NOT so improved as to permit proceedings to go forward on the criminal charges filed against her in this Court.

3. There is NOT a substantial probability that, if hospitalized for an additional reasonable period of time, Defendant will attain the capacity to permit proceedings to go forward on the criminal charges filed against her in this Court.

4. Therefore, the prior commitment of Defendant is terminated and no additional hospitalization or treatment of Defendant is ordered in this matter.

IT IS SO ORDERED this 13th day of October, 2016.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE